Bruce S. Marks (BM 0991)
MARKS & SOKOLOV, LLC
1835 Market Street, 28ʰ Floor
Philadelphia, PA 19103
215-569-8901
*Attorneys for Claimants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | 15 CV 02122 |
| **APPROXIMATELY $30,000 SEIZED FROM ACCOUNT NUMBER X66-830114 AT FIDELITY;** : | |
| : | |
| **APPROXIMATELY $193,781 SEIZED FROM ACCOUNT NUMBER X78-186498 AT FIDELITY;** : | |
| : | |
| **APPROXIMATELY $4,606.71 SEIZED FROM ACCOUNT NUMBER 9349840125 AT WELLS FARGO;** : | |
| : | |
| **APPROXIMATELY $13,090 SEIZED FROM ACCOUNT NUMBER 0025578386 AT HINGHAM INSTITUTION FOR SAVINGS;** : | |
| : | |
| **Defendants-in-rem.** : | |

CLAIM FOR SEIZED PROPERTY PURSUANT TO
SUPPLEMENTAL RULE G (5) BY GTG, INC.

INTRODUCTION

GTG, Inc. ("GTG" or "Claimant") claims equitable and legal ownership of Defendants-In-Rem because the funds for which the United States seeks forfeiture in the forfeiture complaint (the "Forfeiture Complaint") represent the proceeds of fraud on GTG perpetrated by its disloyal officer and employee Mindas Bagdonas ("Bagdonas").

1

1. First, in February 2013, Bagdonas wrongfully transferred $550,119.10 from GTG's Santander Bank Account to a new account in GTG's name at Santander Bank which Bagdonas opened without authorization. See Forfeiture Complaint, ¶17.

2. Second, Bagdonas then transferred $550,000 from this new account and $20,119.00 from GTG's original Santander Account to his personal account at Santander Bank in February, 2013. See Forfeiture Complaint, ¶20, 21.

3. Third, Bagdonas transferred $400,000 of GTG's money from his Santander Bank personal account to two accounts at Fidelity in March-April, 2013. See Forfeiture Complaint, ¶22.

4. Fourth, based on the Forfeiture Complaint, Bagdonas transferred some of GTG's funds to his personal Wells Fargo Bank and Hingham Institution Accounts. See Forfeiture Complaint, ¶24.

5. Thus, these funds as Defendants-In-Rem were seized by the Federal Bureau of Investigation on or about October 23, 2014 pursuant to Court warrants represent GTG's funds wrongfully taken by Bagdonas, *i.e.* $30,007 in Fidelity Account X66-830114; $193,781 in Fidelity Account X78-186498; $4,606.71 in Wells Fargo Account 9349840125; and $13,090 in Hingham Account 0025578386.

**IDENTIFICATION OF SPECIFIC PROPERTY CLAIMED**

6. GTG assert an equitable and legal interest in Defendants-In-Rem as follows:

   a. Approximately $30,007 seized from account number X66-830114[1] at Fidelity (the "Fidelity Spending Account");

   b. Approximately $193,781 seized from account number X78-186498 at Fidelity (the "Fidelity Trading Account");

   c. Approximately $4,606.71 seized from account number 9349840125 at Wells Fargo (the "Wells Fargo Account");

---

[1] Account numbers are not required to be redacted in forfeiture proceedings. Fed.R.Civ.P. 5.2(b)(1).

   d. Approximately $13,090 seized from account number 0025578386 at Hingham Institution for Savings (the "Hingham Account").

(Collectively referred to as "Defendants-In-Rem".)

### IDENTITY OF CLAIMANT

7. GTG is a Wyoming corporation with a principal place of business in Russia. GTG is a privately owned company which purchases medical equipment in the United States and abroad and resells it to countries of the former USSR. Its beneficial owners are Dmitry Cherkas and Yury Chekalin.

8. GTG is "Company 1", Cherkas is "Owner-1" and Chekalin is "Owner 2" in the Forfeiture Complaint. See Forfeiture Complaint, ¶7.

9. Medical Innovations & Technologies, Inc. ("MI&T") is owned by the same beneficial owners as GTG. It is "Company 2" in the Forfeiture Complaint. However, as detailed in the Forfeiture Complaint although Bagdonas defrauded MIT, none of the seized funds belonged to MI&T.

### BAGDONAS

10. In 2012, GTG and MI&T engaged Bagdonas to be an officer and employee of GTG and MI&T. See Forfeiture Complaint, ¶9.

11. Bagdonas' duties were to coordinate GTG and MI&T's American operations, making follow up contact with vendors, and report to the beneficial owners on a regular basis. See Forfeiture Complaint, ¶10.

12. Bagdonas' compensation was $2,500 per month. No bonuses were discussed or implied in the payment arrangement. Bagdonas was authorized to withdraw the monthly salary from the Companies' bank accounts. Apart from the above compensation, Bagdonas was never given permission to spend or transfer GTG and MI&T funds for his personal purposes. See Forfeiture Complaint, ¶11.

### CLAIMANT'S INTEREST IN DEFENDANTS-IN-REM

13. GTG claims equitable and legal ownership of Defendants-In-Rem which originated from GTG's banks accounts and were fraudulently taken by Bagdonas who transferred Defendants-In-Rem into personal accounts he controlled.

### The GTG Bank Accounts

14. On June 29, 2012, Bagdonas opened a business checking account at a New York branch of the Santander Bank for GTG (the "GTG *2225 Account"). See Forfeiture Complaint, ¶13.

15. Santander Bank documents revealed that in February 2013 Bagdonas withdrew over $570,000 from GTG *2225 Account without authorization. See Forfeiture Complaint, ¶16.

### Bagdonas Strips the GTG *2225 Account

16. On February 1, 2013, the balance on the GTG *2225 Account was $583,266.30.

17. On February 14, 2013, Bagdonas opened a new Business Money Market Account for GTG (the "New GTG *5003 Account") at Sovereign Bank. Bagdonas listed himself as a President of GTG and gave himself sole signing authority. This account was opened without the knowledge or authorization of the beneficial owners of GTG. See Forfeiture Complaint, ¶16.

18. On February 14, 2013, Bagdonas withdrew $550,000 via cashier's check from the GTG *2225 Account and deposited it into the New GTG *5003 Account. Bagdonas had no legitimate business purpose for this withdrawal or deposit. See Forfeiture Complaint, ¶17.

### Bagdonas Strips the New GTG *5003 Account Into His Personal Accounts

19. On February 21, 2013, Bagdonas withdrew $550,000 from the New GTG *5003 Account and that same day, deposited $570,119.10 into his personal account at Santander Bank (the "Santandar Account"). See Forfeiture Complaint, ¶¶ 20.

20. The $570,119.10 represented (a) $550,000 which Bagdonas withdrew from GTG *2225 Account on February 14, 2013 and (b) the $20,119.10 Bagdonas withdrew from GTG *2225 Account on February 19, 2013. See Forfeiture Complaint, ¶¶ 20-24.

### Bagdonas Transferred $400,000 To The Fidelity Accounts

21. From March 26 through April 13, 2013, Bagdonas wire transferred approximately $400,000 from the Santander Account to "FID BKG SVC LLC Moneyline", which upon information and belief, was to his newly opened personal brokerage investment accounts at Fidelity in Cincinnati, Ohio. See Forfeiture Complaint, ¶22.

4

22. Upon information and belief, initially $225,000 was transferred into the Fidelity Spending Account and $175,000 transferred into the Fidelity Trading Account. See Forfeiture Complaint, ¶23.[2]

23. Upon information and belief, the $30,007 Defendant-In-Rem seized from the Fidelity Spending Account was fraudulently taken from GTG by Bagdonas. See Forfeiture Complaint, ¶23, 31, 32.

24. Upon information and belief, the $193,781 Defendant-In-Rem seized from the Fidelity Trading Account was fraudulently taken from GTG by Bagdonas. See Forfeiture Complaint, ¶23, 31, 32.

### Bagdonas Transferred $144,700 To The Wells Fargo Account

25. Upon information and belief, Bagdonas transferred $144,707 from the Fidelity Spending Account and Fidelity Investment Account into the Wells Fargo Account and $13,090 into the Hingham Account. See Forfeiture Complaint, ¶24.

26. Upon information and belief, the $4,606.71 Defendant-In-Rem seized from the Wells Fargo Account was fraudulently taken from GTG by Bagdonas. See Forfeiture Complaint, ¶24, 31, 32.

### Bagdonas Transferred $144,700 To The Hingham Account

27. Upon information and belief, Bagdonas transferred $13,900 from the Fidelity Spending Account and Fidelity Investment Account into the Hingham Account. See Forfeiture Complaint, ¶24.

28. Upon information and belief, the $13,900 Defendant-In-Rem seized from the Hingham Account was fraudulently taken from GTG by Bagdonas. See Forfeiture Complaint, ¶24, 31, 32.

### The Seizure Warrants Executed by the FBI

29. Upon information and belief, Defendants-In-Rem were seized by the FBI on or about October 23, 2014, pursuant to court ordered seizure warrants issued by the Honorable James L. Cott, United States Magistrate Judge in the United States District Court for the Southern District of New York. See Forfeiture Complaint, ¶2.

---

[2] Upon information and belief, Bagdonas further transferred funds between Fidelity Trading and Fidelity Spending accounts, thereby altering the initial balances.

30. Upon information and belief, Defendants-In-Rem are currently in the possession of the FBI. See Forfeiture Complaint, ¶33.

### Bagdonas Has No Claims Against Or Ownership Rights In Defendants-In-Rem

31. Bagdonas has no equitable or legal rights to Defendants-In-Rem.

32. GTG owes no money to Bagdonas.

33. Bagdonas has no claims against GTG.

34. Bagdonas never had legal title to the money because he was not authorized to take it from GTG.

### CONCLUSION

For the foregoing reasons, GTG claims equitable and legal ownership of the Defendants-In-Rem which were fraudulently taken from it by Bagdonas.

                                                    MARKS & SOKOLOV, LLC

By: */s/ Bruce S. Marks*
      Bruce S. Marks, Esq.
      1835 Market Street, 28th Floor
      Philadelphia, PA 19103
      215-569-8901 (telephone)
      215-569-8912 (telefax)
      marks@mslegal.com
      *Attorneys for Claimant*

In accordance with Supplemental Rule G (5)(a)(i)(C), I Dmitry Cherkas, am one of the beneficial owners of GTG, Inc. and as its duly authorized representative and agent, sign this Claim under penalty of perjury. In addition, pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

By: _____
Dmitry Cherkas, as authorized representative of and on behalf of GTG, Inc.

Dated: April [ ], 2015